Gautam v. Garland

BIA
Ruehle, IJ
A209 161 081

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-three.

PRESENT:
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
EUNICE C. LEE,
*Circuit Judges.*

_____

DIL PRASAD GAUTAM,
*Petitioner*,

v.                                           20-3046
                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel;

Jeffrey M. Hartman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dil Prasad Gautam, a native and citizen of Nepal, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dil Prasad Gautam,* No. A 209 161 081 (B.I.A. Aug. 11, 2020), *aff'g* No. A 209 161 081 (Immigr. Ct. Buffalo June 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements[,] . . . the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record[,] . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, substantial evidence supports the agency's determination that Gautam was not credible as to his claim that he and his family were persecuted because of his support

of the Nepali Student Union and the Nepali Congress Party. The agency reasonably relied on multiple inconsistencies within Gautam's testimony and between his testimony and other evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The record reflects that Gautam was inconsistent regarding whether he was a member of the Nepali Congress Party, whether his wife and eldest son were beaten or just threatened by Maoists, and when he regained consciousness following an alleged beating. The agency was not required to credit Gautam's explanations that he was nervous, uneducated, and had no experience testifying. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005) (explaining that "an alien's mere recitation that he was nervous" does not "automatically prevent the IJ or BIA" from relying on inconsistent statements); *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

4

Gautam fails to make any specific arguments or identify how the agency erred in relying on the remaining inconsistencies. He therefore forfeits any challenge to these aspects of the agency's decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"). Inconsistencies between Gautam's statements and his corroborating evidence, and the lack of evidence of country conditions demonstrating Maoist violence in 2015, further undermine his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

In short, the multiple inconsistencies and lack of reliable corroboration constitute substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so

preclude even more forcefully."). Moreover, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court